```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/07/2025

JULIE A. SU, ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                Plaintiff,

-v-

LAURENCE A. PAGNONI & ASSOCIATES, INC.

                Defendant.

----------------------------------------------------------------X

24-mc-267 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Petitioner" or the "Secretary"), moves for an order holding Respondent Laurence A. Panoni & Associates, Inc., in civil contempt for failure to comply with the Court's July 16, 2024, order. Dkt. No. 13, *see* Dkt. No. 12. By order of December 17, 2024, Petitioner was directed to serve Respondent with this motion and with the Court's order directing that any opposition to the motion be filed by December 30, 2024. Dkt. No. 15. Petitioner filed a certificate of service reflecting that the motion and the Court's order were served on Respondent. Dkt. No. 16. Respondent has failed to respond. The motion is granted.

      The movant must establish the following three elements before a party can be held in civil contempt for failure to comply with a court order: (1) the order must be clear and unambiguous; (2) the proof of non-compliance must be clear and convincing; and (3) the contemnor must not have diligently attempted to comply in a reasonable manner. *See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). All three elements have been established here. The Court's order of July 16, 2024, was clear and

unambiguous. It directed that "Respondent . . . begin producing documents responsive to the Secretary's two Subpoenas Duces Tecum, by no later than July 30, 2024, and complete the production of all responsive documents by no later than August 19, 2024." Dkt. No. 12. It identified the two subpoenas as the Administrative Subpoenas Duces Tecum served upon the Respondent's 401(k) Plan on January 29, 2024, and to its Group Health Plan on February 6, 2024. *Id.* There was no ambiguity in the Court's order. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (holding there was no ambiguity in order requiring party to disclose "any and all cash, stocks, bonds[,] . . . bank accounts and investment accounts, . . . real or personal property[, and] debts owing"); *Raleigh v. Baribault*, 729 F. Supp. 3d 250, 255 (D. Conn. 2024) (holding there was no ambiguity in order requiring defendant to produce items enumerated in a referenced list).

The evidence of noncompliance is clear and convincing. Respondent was sent a copy of the Court's order on July 16, 2024. Dkt. No. 13-1. Respondent acknowledged receipt that same day. Dkt. No. 13-2. The Plan Administrator has produced six documents to Petitioner that are responsive to the subpoena to the 401(k) plan. Dkt. No. 13-8 ¶ 3. Respondent has not produced any documents responsive to subpoena to the Group Health Plan. *Id.* Respondent has not produced the vast majority of the subpoenaed documents. *Id.* ¶ 4.

Petitioner has established that Respondent did not attempt to comply in a reasonable manner. The Second Circuit has recognized that a contempt order is "a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *S. New England Tel.*, 624 F.3d at 145 (quoting *King*, 65 F.3d at 1058). Here, however, respondent only produced six documents "after searching for an hour or so," despite acknowledging that the requests were "quite extensive." Dkt. No. 13-2. Since July 16,

2

2024, Respondent has failed to produce documents, at first ascribing the delay to "medical complications," Dkt. No. 13-3, and then failing to respond at all to the requests, Dkt. Nos. 13-5, 13-6. There is no colorable argument that this wholesale failure to produce further documents, largely without explanation, constitutes a reasonable response to a court order requiring "extensive" document production by August 19, 2024.

The Court has the power to award sanctions "to coerce the contemnor into complying in the future with the court's order." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56–57 (2d Cir. 1982). "[T]he district court has broad discretion to design a remedy that will bring about compliance." *Id.* Among the factors to be considered are, the character and harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the contemnor's financial resources and the consequent seriousness of the burden to him. *Id.*; *see Warshaw Grp. Inc. v. Materialink LLC*, 2024 WL 5178876, at *1 (S.D.N.Y. Nov. 14, 2024); *Spallone v. United States*, 493 U.S. 265, 276 (1990) ("[A] court is obliged to use the least possible power adequate to the end proposed." (internal quotation marks omitted)).

Respondent suggests that the Court impose an increasing daily fine beginning at $100 per day during the first ten days after the Court finds Respondent to be in contempt and increasing to $200 per day on day eleven. Dkt. No. 13-7 at 7. That proposal is within the range found to be appropriate by courts in this Circuit. *See Warshaw Grp.*, 2024 WL 5178876, at *1 (imposing a daily fine of $300, increasing to $600 after thirty days); *Citibank, N.A. v. McPartland*, 2023 WL 8478799, at *1 (S.D.N.Y. Dec. 7, 2023) (imposing a fine of $500 per week); *Pension Benefit Guar. Corp. v. Trees R' US, Inc.*, 2023 WL 4564873, at *4 (E.D.N.Y. July 17, 2023) (imposing a daily fine of $250 for failure to comply with a subpoena).

3

The Court finds Respondent in civil contempt. Petitioner is directed to serve a copy of this Order on Respondent by email and first-class mail no later than January 9, 2025. Respondent shall file proof of service on the docket. The Court imposes contempt sanctions of $100 per day beginning on January 20, 2025, and continuing until January 31, 2025, or until Respondent comes into compliance with the Court's order. Beginning on February 1, 2025, the daily fine shall be increased to $200 per day until Respondent complies. The fine shall be payable to the Clerk of Court.

The Court schedules a conference for February 25, 2025, at 2:00 p.m. to consider whether, if Respondent still is not in compliance, further contempt sanctions are necessary. The conference shall occur in Courtroom 15C at the 500 Pearl Street courthouse.

SO ORDERED.

Dated: January 7, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4