USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JULIE A. SU, Acting Secretary of Labor, United States :
Department of Labor, :
: 
: 
Plaintiff, : 24-mc-267 (LJL)
:
-v- : ORDER
:
LAURENCE A. PAGNONI & ASSOCIATES, INC., :
:
Defendant. :
X
---------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

By order of January 7, 2025, the Court granted Petitioner's motion to hold respondent Laurence A. Pagnioni & Associates, Inc. ("Respondent") in contempt for failure to comply with the Court's order of July 16, 2024, which directed Respondent to produce documents responsive to two administrative subpoenas. Dkt. No. 18. The Court imposed monetary contempt sanctions of $100 per day beginning on January 20, 2025, increasing to $200 per day on February 1, 2025. *Id.*

On February 25, 2025, Petitioner appeared in Court for a status conference. Respondent was served with notice of the conference, but it did not appear. Dkt. No. 19. Petitioner reported that counsel had recently spoken with a representative of Respondent, who unequivocally stated that Respondent would not produce further documents or appear at the conference. Petitioner stated its view that further monetary sanctions would have little to no value in securing Respondent's compliance. Petitioner did not seek any non-monetary sanctions.

The purpose of a contempt sanction is "to coerce the contemnor into complying in the future with the court's order." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56–57

(2d Cir. 1982). "[A] court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990). Given the facts reported by Petitioner, further monetary sanctions will not be effective to coerce Respondent's compliance. At this point, they would only be punitive. Therefore, the Court will not continue the monetary sanctions ordered at Dkt. No. 18.

The order at Dkt. No. 18 is hereby modified to the effect that beginning on the date of this order, no further monetary contempt sanctions shall be imposed on Respondent. For avoidance of doubt, this does not alter the Court's finding that Respondent is in contempt, nor does it relieve Respondent of the obligation to pay fines which accrued prior to the date of this order.

Petitioner has represented that it will not seek further relief in this proceeding. Therefore, the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 25, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge